UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAYED A. MONSIF, : | |
| : | NO. 3:06CV1854 (MRK) |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| COMMISSIONER OF IRS, : | |
| Defendant. : | |

**ORDER**

Currently pending before the Court is Sayed Monsif's Complaint [doc. # 1] against the Commissioner of the Internal Revenue Service (the "IRS") as well as the Government's Motion to Affirm the IRS's Notice of Determination [doc. # 18] ("Motion to Affirm"). In his Complaint, Mr. Monsif asks the Court to set aside his liability for certain tax assessments, pursuant to 26 U.S.C. § 6330. Before addressing the merits of Mr. Monsif's request, the Court will briefly describe the procedural history of this case.

**I.**

Sometime prior to January 2004 (the record does not provide the precise date), the IRS issued tax assessments against Kato Worldwide LTD ("Kato") based on unpaid trust fund taxes due from Kato between 1999 and 2001. The IRS then initiated a levy action against Mr. Monsif to collect the Kato tax assessments. In January 2004, Mr. Monsif submitted a Request for a Collection Due Process Hearing with the IRS, and the hearing was held on July 23, 2004. At the hearing, Mr. Monsif asserted that he was not liable for Kato's unpaid taxes and that he did not have the authority to pay Kato's taxes as they accrued. *See* Memorandum in Support of Motion to Affirm [doc. # 19] Ex. 1 (Jan. 14, 2005 Notice of Determination) at 4. The IRS, however, concluded that "the

assessment of the trust fund recovery penalties against [Mr. Monsif] for all quarters is appropriate." *Id*. at 5. Significant to Mr. Monsif's claims here, the January 2005 Notice of Determination stated on the first page that "[i]f you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United Stated District Court for a redetermination." *Id*. at 1. Mr. Monsif did not file a complaint with a district court within thirty days, as instructed in the 2005 Notice of Determination.

Instead, on June 21, 2005, Mr. Monsif filed a second Request for a Collection Due Process Hearing with the IRS. The only issue raised by Mr. Monsif in his second request involved his liability for the assessment of civil penalties. *See* Compl. [doc. # 1] Ex. B (June 13, 2006 Notice of Determination) at 4. The IRS granted Mr. Monsif a hearing and in its decision, the IRS noted that Mr. Monsif had attempted once again to raise his underlying liability for Kato's unpaid taxes, but that the "Settlement Officer explained that a review of [Mr. Monsif's] account showed that [he was] previously provided an opportunity to dispute the tax liability. Therefore, [he was] precluded from raising the underlying liability issue . . . ." *Id*. The IRS concluded that Mr. Monsif had "not proposed a viable alternative to the filed lien," *id*. at 5, and similarly warned Mr. Monsif that if he wished to contest the IRS's ruling, he needed to file a complaint with a district court within thirty days, *see id.* at 1.

Once again failing to follow the instructions in the 2006 Notice of Determination, Mr. Monsif filed his appeal with the United States Tax Court, instead of a district court.[1] On October 24, 2006, the Tax Court issued a ruling dismissing Mr. Monsif's appeal for lack of jurisdiction, as the

---

[1] It appears that Mr. Monsif filed his appeal with the Tax Court within thirty days of the June 2006 Notice of Determination, but again the record does not reflect the precise date on which Mr. Monsif filed his Tax Court action.

applicable statute at the time required Mr. Monsif to bring his appeal in a district court. *See* Compl. [doc. # 1] Ex. A (Tax Court decision). Mr. Monsif then filed this action on November 17, 2006.

## II.

Mr. Monsif asks this Court to "rule that the Petitioner was not a Responsible Party for the purposes of Kato's Trust Taxes and therefore the IRS's assessment is invalid." Compl. [doc. # 1] at 4. Thus, Mr. Monsif is effectively seeking to appeal the IRS's 2005 Notice of Determination, rather than its 2006 Notice of Determination since his underlying liability for Kato's unpaid taxes was not reviewed in the 2006 Notice of Determination.

Assuming *arguendo*, without deciding, that Mr. Monsif's appeal of his 2006 Notice of Determination was timely, the Court is nonetheless precluded from reviewing Mr. Monsif's challenge to his underlying liability for Kato's unpaid taxes, since that issue was not properly raised in his second Collection Due Process Hearing. *See Deyo v. United States*, No. 3-04-cv-2043 (JCH), 2006 WL 2699024, at *2 (D. Conn. Sept. 18, 2006); *Pelliccio v. United States*, 253 F. Supp. 2d 258, 262 (D. Conn. 2003); *see also* Treas. Reg. § 301.6330-1(f)(2), Q&A F5 (Apr. 2006) ("In seeking . . . district court review of Appeals' Notice of Determination, the taxpayer can only ask the court to consider an issue that was raised in the taxpayer's [Collection Due Process] hearing."). If, instead, Mr. Monsif intended for this Court to review the IRS's 2005 Notice of Determination, the Court is unable to do so as Mr. Monsif's appeal of the 2005 Notice of Determination is without question untimely. *See* 26 U.S.C. § 6330(d)(1) (June 2006) (allowing for judicial review "within 30 days of a determination under this section"). Therefore, the Court lacks jurisdiction to consider Mr. Monsif's challenge to his underlying liability for Kato's unpaid taxes.

3

Even if the Court were to construe Mr. Monsif's Complaint [doc. # 1] as an appeal of the IRS's assessment of civil penalties against him, which the IRS did consider in its 2006 Notice of Determination, Mr. Monsif cannot prevail. The Court recognizes that

> [n]othing in section 6330 addresses the standard of review that a federal court must exercise in reviewing an IRS decision. *MCRA Info. Servs. v. United States*, 145 F. Supp. 2d 194, 198 (D.Conn.2000). According to caselaw, "where the validity of the tax liability was properly at issue in the [collection due process] hearing . . . the amount of tax liability . . . will be reviewed by the appropriate court on a de novo basis." *Id.* at 199. However, where "the underlying tax liability is not at issue, the court reviews the decision of the IRS officer for abuse of discretion." *Pelliccio*, 253 F. Supp. 2d at 262 (citing *Davis v. Commissioner*, 115 T.C. 4 (2000); *see also MRCA Info.*, 145 F. Supp. at 199.

*Deyo*, 2006 WL 2699024, at *2. Because the underlying tax liability is not at issue, the Court reviews the 2006 Notice of Determination upholding the assessment of civil penalties against Mr. Monsif for an abuse of discretion. Mr. Monsif has raised no valid grounds to contest the assessment of civil penalties, and the Court finds no indication in the record that the IRS abused its discretion in assessing those penalties. Therefore, to the extent Mr. Monsif seeks in this action to contest the IRS's assessment of civil penalties against him, the Court GRANTS the Government's Motion to Affirm the IRS's Notice of Determination [doc. # 18].

### III.

In sum, the Court GRANTS Government's Motion to Affirm [doc. # 18]. **The Clerk is directed to close the file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **August 2, 2007**.